UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

ALEJANDRO GONZALES,

    Plaintiff,

v.

PARAMOUNT RECOVERY SYSTEMS, L.P.,

    Defendant.

Case No. 9:22-cv-81681

/

## COMPLAINT

**NOW COMES** ALEJANDRO GONZALES ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of PARAMOUNT RECOVERY SYSTEMS, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida, a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Florida, and Plaintiff resides in the Southern District of Florida.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a third party debt collection service with its principal place of business located at 7524 Bosque Blvd. Suite L Waco, Texas 76712. Defendant regularly collects upon consumers located within the state of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the events giving rise to this cause of action, Plaintiff was being collected upon by Defendant for an alleged medical debt ("subject debt"), dated May 2, 2017, that he does not recognize.

8. Upon learning that the subject debt was reporting on his credit, Plaintiff contacted Defendant multiple times to learn more about the debt.

9. On June 28, 2022, Plaintiff spoke with a representative of Defendant's named "Beth".

10. During this conversation, Beth stated that Plaintiff's insurance would not cover the subject debt, and proceeded to inform Plaintiff that the statute of limitations in Florida to sue on a medical debt was 7 years.

11. Worried and confused, Plaintiff reiterated that the statute of limitations in Florida is 5 years, and that the statute had already run at the time of this call. Despite Plaintiff's statement, Beth

doubled down on the incorrect assertion that the statute of limitations was 7 years. Beth then continued to attempt to collect the subject debt.

12. Plaintiff then terminated the call, terrified he may be sued on a debt he cannot legally be sued on.

13. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to emotional distress.

## DAMAGES

14. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

15. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

16. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, nuisance, emotional distress, harassment, emotional distress, and anxiety.

17. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

19. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

20. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

21. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

22. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

23. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

24. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), and f through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

   a. **Violations of FDCPA § 1692e**

25. Defendant violated §1692e, e(2), and e(10) when it misleadingly stated that the subject debt was within the statute of limitations. Defendant than doubled down on its unfair and misleading statement even after being challenged on its veracity.

   b. **Violations of FDCPA § 1692f**

26. Defendant violated §1692f when it unfairly and unconscionably told Plaintiff the incoorect statue of limitations for a medical debt in Florida..

27. Upon information and belief, Defendant systematically attempts to collect debts through misleading and unconscionable conduct and has no procedures in place to assure compliance with the FDCPA.

28. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff ALEJANDRO GONZALES respectfully requests that this Honorable Court:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

    c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

    d. Award any other relief as the Honorable Court deems just and proper.

<u>**COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**</u>

29. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by Florida Statutes § 559.55(8).

30. At all times relevant to this action, Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute § 559.72.

31. At all times relevant to this Complaint, Defendant was and is a "person" as said term is defined under Florida Statute §1.01(3) and is subject to the provisions of Fla. Stat. §559.27 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. §559.72 because said provision applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla.Stat. §559.51(1).

32. At all times material hereto, the debt in question was a "consumer debt" as said term is defined under Florida Statute §559.55(6).

    a. **Violations of FCCPA §559.72(9)**

33. §559.72(9) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. § 559.72(9).

34. Defendant violated § 559.72(9) when it asserted the statute of limitations had not run on the subject debt.

35. Plaintiff may enforce the provisions of Fla. Stat. §§ 559.72(9) pursuant to Fla. Stat. § 559.77(2) which provides:

36. Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the Plaintiff.

**WHEREFORE**, Plaintiff, EVELYN B. GADOR, requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant;

   b. Enjoin Defendant from further communicating with Plaintiff;

   c. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

   d. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

   e. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

   f. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77; and

   g. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 31, 2022                                          Respectfully Submitted,

*/s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
Florida Bar No. 1013947
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com